IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RESERVE AT KANAPAHA
CELEBRATION POINT,

     Plaintiff,

v.                       CASE NO. 1:17-cv-102-MW-GRJ

KILSHAE HODGES,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 9, Plaintiff's Motion to Remand.  Plaintiff requests the Court to remand this action to state court because the complaint in this case does not raise an issue under federal law. For the reasons discussed below, the motion to remand is due to be granted.

This is an action to evict a tenant, originally filed in the County Court of the Eighth Judicial Circuit in and for Alachua County, Florida.  (ECF No.1, p. 5.)  The case was removed to federal court by Defendant on April 21, 2017.  In the Notice of Removal, Defendant asserts that the complaint was filed as "artful pleading," and that there is federal question jurisdiction

over this action because Defendant has "habitability issues" and because Defendant is African-American and therefore as a member of a protected class is entitled to the protections of the "Civil Rights Act of 1968.)

A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman Int'l Corp.*, 147 F. 3d 1325, 1329 (11th Cir. 1998). Under 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint,

and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

The Court does not have subject matter jurisdiction over the claims in this case. Defendant had no legally justifiable reason for removing the case to federal court. The Complaint contains only a simple state law claim for eviction for non-payment of rent. Eviction is governed by state law, and Defendant has pointed to no authority whatsoever for the proposition that an eviction action presents a federal question. Rather, Defendant asserts that the Court has subject matter jurisdiction over the case because Defendant has essentially presented a federal defense to the eviction action. The law is well settled that Defendant's defenses under the Civil Rights Act, and any other federal statute do not create federal subject matter jurisdiction. *Id.*

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's Motion to Remand, ECF No. 9, should be **GRANTED**.[1]

_____

[1] An order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 US 132, 141 (2005). Because

2.    The case should  be **REMANDED** to the County Court for Eighth Judicial Circuit in and for Alachua County, Florida and the Clerk should be directed to send a certified copy of the order of remand to the Clerk of Court for the Eighth Judicial Circuit in and for Alachua County, Florida.

**IN CHAMBERS** at Gainesville, Florida this 1st  day of June 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

Defendant's sole basis for removal was federal question jurisdiction—and as the Court discussed above federal question subject matter jurisdiction cannot be created by defenses—the Defendant cannot demonstrate an objectively reasonable basis for removing this action.  Plaintiff, therefore, would be entitled to an award of attorney's fees and expenses incurred in filing the motion to remand. Plaintiff, however, has not requested fees and expenses in its motion nor has the Plaintiff filed a separate motion requesting fees and expenses. Accordingly, the Court does not recommend including an award of fees and expenses in the order adopting this report and recommendation.